HELEN K. HAZELWOOD v. LANDMARK BUILDERS, INC.

No. 9018SC330

(Filed 2 October 1990)

**Master and Servant § 19 (NCI3d) — subcontractor's employee — fall from ladder — creation of dangerous condition by general contractor's employees**

Plaintiff's evidence was sufficient to support an inference that defendant general contractor's employees negligently created a dangerous condition which caused plaintiff, a subcontractor's employee, to fall from a ladder at a construction site where it would permit the jury to find that plaintiff had been working on the roof of a building at the site; plaintiff used an aluminum ladder to get to the roof; the top of the ladder had been placed between ribs of the roof; while defendant was away from the building to obtain construction materials, defendant's employees installed guttering between the roof's edge and the top of the ladder; this guttering prevented the ladder from fitting securely between the ribs of the roof; plaintiff was unaware that the ladder had been moved during her absence and was not warned of its new position; plaintiff could not see where the top of the ladder was positioned before she began climbing toward the roof; and when plaintiff began to step from the ladder onto the roof, the ladder slid, causing plaintiff to lose her balance and fall to the ground.

**Am Jur 2d, Master and Servant § 397; Premises Liability §§ 141, 457.**

APPEAL by plaintiff from *Albright (W. Douglas), Judge.* Judgment entered 2 November 1989 in Superior Court, GUILFORD County. Heard in the Court of Appeals 19 September 1990.

This is a civil action wherein plaintiff seeks to recover damages for personal injury sustained as a result of a fall from a ladder on a construction site on 18 July 1985. On the date of the injury, plaintiff was employed by Quality Plastening, Inc., a subcontractor of Shields, Inc., who in turn was a subcontractor of defendant, Landmark Builders, Inc. At the close of plaintiff's evidence, an order allowing defendant's motion for directed verdict was entered. From the order and judgment granting defendant's motion for directed verdict, plaintiff appealed.

**HAZELWOOD v. LANDMARK BUILDERS, INC.**

[100 N.C. App. 386 (1990)]

The evidence presented at trial tends to show the following: On the day of the accident, plaintiff and a co-worker, her sister, were replacing styrofoam on a wall near the roof line of one building on the construction site. They were using an aluminum ladder fifteen or sixteen feet long and about seventeen inches wide. They seated the ladder on red clay ground and rested the top against the edge of the brown, slanted roof. The roof had "ribs" about two inches tall spaced about twenty inches apart. The top of the ladder was placed between two of these ribs.

Plaintiff and her co-worker climbed the ladder to the roof and worked on the wall from the roof for an hour or two before descending to take a break. After the break, they both climbed back up to the roof. At that time, the ladder was still securely placed between two ribs. A few minutes later, plaintiff climbed down the ladder to get more adhesive from a building three or four hundred yards away.

Plaintiff and another employee of Quality Plastening, Inc., Tommy Hazelwood, returned twenty or thirty minutes later with a full bucket of adhesive. While Mr. Hazelwood removed the bucket of adhesive from his truck, plaintiff climbed the ladder. She testified that the ladder did not look or feel any different to her than the first two times she had ascended. However, when she reached the top of the ladder and began to step onto the roof, the ladder slid to her right causing her to lose her balance. Plaintiff fell twelve to fifteen feet, hitting her foot on the way down and landing on her lower back. She testified that she could not see where the top of the ladder was positioned before she began climbing and, at the time of the fall, could not tell why it slid. The roof, guttering, and flashing were brown.

Tommy Hazelwood testified that he had seen the ladder positioned between the ribs on the roof earlier that morning. As he was walking toward the building with the bucket of adhesive, he saw plaintiff start up the ladder. Plaintiff was stepping onto the roof, with one foot on the ladder and one foot off, when the ladder slid to the right and fell to the ground. Plaintiff fell to the left. Mr. Hazelwood stated that he noticed after the fall that guttering had been installed underneath the top of the ladder since earlier that morning. He also stated that defendant's employees had been installing guttering and flashing along the edge of the roof earlier that morning, working from left to right. Mr. Hazelwood, plaintiff,

and her co-worker all testified that defendant's employees had been working on the left side of the ladder prior to the accident, and after the fall, defendant's employees and equipment were on the right side of the ladder. Mr. Hazelwood also testified that the top of the ladder could not be seated between the roof's ribs after the gutter was installed.

Plaintiff's co-worker, who stayed on the roof while plaintiff went for adhesive, did not hear or see anyone move the ladder.

*Turner, Rollins, Rollins & Clark, by Clyde T. Rollins, for plaintiff, appellant.*

*Womble Carlyle Sandridge & Rice, by Richard T. Rice and Clayton M. Custer, for defendant, appellee.*

HEDRICK, Chief Judge.

Plaintiff contends that the trial court erred in granting a directed verdict for defendant. She argues that a reasonable inference from the uncontradicted evidence is that defendant's employees negligently created a dangerous condition which caused injury to plaintiff. We agree.

In determining a motion for directed verdict under G.S. 1A-1, Rule 50(a), the evidence must be reviewed in the light most favorable to the non-moving party. The non-moving party, in this case, plaintiff, should be given the benefit of every reasonable inference that may be drawn. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E.2d 678 (1977). Additionally, the burden on the moving party is especially significant in cases involving issues of negligence and contributory negligence.

> Only in exceptional cases is it proper to enter a directed verdict or a judgment notwithstanding the verdict against a plaintiff in a negligence case (citations omitted). Issues arising in negligence cases are ordinarily not susceptible of summary adjudication because application of the prudent man test, or any other applicable standard of care, is generally for the jury (citations omitted).

*Taylor v. Walker*, 320 N.C. 729, 734, 360 S.E.2d 796, 799 (1987).

Defendant argues first that there was insufficient circumstantial evidence that its employees moved the ladder to submit the case to the jury. Defendant maintains that the allegation that its

employees moved the ladder is "mere conjecture" and, in any case, there is "no evidence that the ladder resting against a gutter (rather than against a metal roof) proximately caused plaintiff to fall." However, at least three witnesses testified that Landmark employees were installing gutters and flashing along the roof's edge earlier that morning and that these employees and their equipment had been on the left side of the ladder before the accident and on the right side afterward. Additionally, one witness stated that he saw the ladder slide along the gutter and that the gutter would have prevented the ladder from fitting securely between the two-inch ribs on the roof. A reasonable inference to be drawn from this testimony is that the gutter had been interposed between the roof's edge and the top of the ladder sometime before the accident. The evidence presented by plaintiff indicated that Landmark employees, in the course of installing the gutters and flashing, must have lifted the top of the ladder from its secure resting place between the roof's ribs and set it precariously against the newly installed gutter. Plaintiff was unaware that the ladder had been moved during her twenty to thirty minute absence and was not warned of its new position.

A motion for directed verdict questions the legal sufficiency of the evidence to take the case to the jury and support a verdict for the plaintiff. *Manganello,* 291 N.C. 666, 231 S.E.2d 678; *See also U.S. Helicopters, Inc. v. Black,* 318 N.C. 268, 347 S.E.2d 431 (1986). In the case *sub judice,* the witnesses' testimony, along with the undisputed fact that Landmark Builders, Inc. was responsible for installation of guttering and flashing, when given the benefit of every favorable inference, is sufficient to take the case to the jury and support a verdict for plaintiff.

Defendant also maintains "[e]ven if plaintiff is permitted the inference that Landmark moved her ladder and left it against the gutter, there was no negligence because Landmark owed no general duty to the plaintiff to provide a safe place to work and the ladder was an open and obvious condition." While it is true, as defendant contends, that as a general contractor it did not have a duty to provide the employees of a subcontractor with a safe place to work, defendant did owe plaintiff and all others working on the premises the duty of exercising ordinary care.

Finally, defendant argues in his brief that even if the evidence was sufficient to take the case to the jury as to defendant's

negligence, the evidence discloses plaintiff's contributory negligence as a matter of law. The question of plaintiff's contributory negligence, like that of defendant's negligence, is clearly for the jury to determine.

The judgment directing a verdict for defendant is reversed, and the cause is remanded to Superior Court, Guilford County for a new trial.

New trial.

Judges ARNOLD and PHILLIPS concur.